Filed 7/29/21  P. v. Nix CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEONDRE DELONE NIX,<br><br>        Defendant and Appellant. | E076607<br><br>(Super.Ct.No. RIF1605777)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County. Ronald L. Taylor, Judge. Affirmed.

Robert F. Somers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2017 Deondre Delone Nix pled guilty to possessing marijuana in prison. In 2020, Nix moved to vacate his conviction under Proposition 64, which legalized possession of less than 28.5 grams of marijuana by any person over the age of 21 and allowed those currently serving sentences for possession to modify or dismiss those convictions. The trial court denied Nix's motion.

On appeal, Nix argues Proposition 64's legalization of certain kinds of marijuana possession applies to simple possession of marijuana inside a prison. The People argue Proposition 64's legalization of marijuana possession did not legalize possession inside prisons. We affirm.

I

FACTS

On July 7, 2017, Nix pled guilty to possession of marijuana while in the California Rehabilitation Center. (Pen. Code, § 4573.8.) The trial court sentenced Nix to two years, to be served consecutive to the sentence he was already serving.

In June 2019, Nix petitioned to vacate his conviction under Health and Safety Code 11361.8, subdivision (b) (unlabeled statutory citations refer to this code). The Riverside County District Attorney opposed the petition. The trial court denied the petition.

Nix timely appealed.

II

ANALYSIS

The issue Nix asks us to decide is whether Proposition 64 legalized a person over 21 years old possessing less than 28.5 grams of marijuana while incarcerated.

In 2016, voters passed Proposition 64, which amended Division 10 of the Health and Safety Code. In particular, Proposition 64 added section 11362.1, which made it legal for a person over 21 to possess less than 28.5 grams of marijuana. It also allowed certain people currently serving sentences for such possession to petition for recall and resentencing. (§ 11361.8.) However, Proposition 64 also added section 11362.45, which enacted a set of savings clauses. These savings clauses state that section 11362.1's legalization of marijuana possession "does not amend, repeal, affect, restrict, or preempt" certain other laws regarding possession of marijuana, including "[l]aws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice." (§ 11362.45, subd. (d).)

Nix acknowledges that Proposition 64's savings clause means that anybody smoking or ingesting cannabis within a prison may still be convicted of a felony under Penal Code section 4573.8. However, Nix argues that he was not convicted for smoking or ingesting marijuana, only for possession. He points out that the savings clause doesn't specifically save the prohibition on possessing marijuana in a prison and argues this means Proposition 64 legalized possession within a state prison along the same lines as

3

those outside it. According to Nix, he is entitled to seek recall and resentencing under Health and Safety Code section 11361.8 because his simple possession, whether inside or outside prison, would be legal under the law as it exists now.

California courts have addressed versions of Nix's argument and reached competing conclusions. The first, *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*), rejected Nix's argument as it relates to Penal Code section 4573.6, which differs from Penal Code section 4573.8 only in that it applies to controlled substances alone while Penal Code section 4573.8 applies to all drugs and alcohol. In that case our colleagues in the First District held "Proposition 64 did not affect existing prohibitions against the possession of marijuana *in prison* or otherwise affect the operation of Penal Code section 4573.6." (*Id.* at p. 890.) The court so held because "[w]hile [Health and Safety Code] section 11362.45, subdivision (d), does not expressly refer to 'possession,' its application to possession is implied by its broad wording," in particular its use of the phrase " 'pertaining to.' " (*Id.* at p. 891, italics omitted.) The court held that Proposition 64's exception for " '[l]aws pertaining to smoking or ingesting cannabis' " in a prison may reasonably be read to include laws regarding possession of cannabis alone, even without evidence of smoking or ingestion. It reasoned this was the appropriate reading of section 11362.45, subdivision (d), because possession is imminently related to smoking or ingesting, there is no reason for an inmate to possess cannabis but to eventually ingest it, and possession has historically been treated as more culpable than simple use, not less. (*Perry*, at pp. 891-892.) Accordingly, it concluded that "[i]t is

4

apparent that Proposition 64 . . . was intended to maintain the status quo with respect to the legal status of cannabis in prison." (*Id.* at pp. 892-893.)

Division One of this court and two cases out of the Sixth District have also embraced this interpretation. (See *People v. Whalum* (2020) 50 Cal.App.5th 1, review granted Aug. 12, 2020, S262935 (*Whalum*); *People v. Herrera* (2020) 52 Cal.App.5th 982, review granted Oct. 14, 2020, S264339 (*Herrera*); *People v. Taylor* (2021) 60 Cal.App.5th 115, review granted Apr. 14, 2021, S267344 (*Taylor*).) In particular Division One explicitly found this interpretation applies equally to Penal Code section 4573.8 as to Penal Code section 4573.6. (*Whalum*, at p. 3 ["We conclude that the crime of possessing unauthorized cannabis in prison in violation of Penal Code section 4573.8 was not affected by Proposition 64."].)

However, in *People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*), review granted August 21, 2019, S256978, the Third District explicitly rejected the court's holding in *Perry*. Instead, the court decided that Proposition 64's savings clause was not ambiguous, and that the plain meaning should prevail. That is, the *Raybon* court concluded "it stretches the imagination to conclude that the drafters listed two distinct activities, 'smoking or ingesting,' intending to include a third distinct activity, possession, by using the vague reference 'pertaining to.' " (*Id.* at p. 121.) They concluded the purpose of the " 'pertaining to' " language "is to describe the vast array of means of consumption and consumption, not possession, is the act the voters determined should remain criminalized if the user is in prison." (*Id.* at p. 122.) In particular the court noted

5

the " 'pertaining to' " language would continue to criminalize the ways "inhaled as a nonburning vapor or applied topically such that it is absorbed through the skin." (*Id.* at p. 122.).

We agree with *Perry* and decline to follow *Raybon*. In particular, we agree with the former cases that section 11362.45, subdivision (d), is ambiguous, and disagree with *Raybon* that it either has a plain meaning or that the plain meaning is what they say it is. *Perry* correctly argues the phrase "pertaining to" renders subdivision (d) both more broad and more ambiguous than similar provisions in section 11362.45 because the question of what pertains to smoking or ingesting marijuana is open-ended. As the court in *Perry* pointed out, the word pertain throws a wide net, as it can mean " 'to belong as an attribute, feature, or function' [citation], 'to have reference or relation; relate' [citation], [or] '[b]e appropriate, related, or applicable to' [citation]." (*Perry*, *supra*, 32 Cal.App.5th at p. 891.) Given this, we are "hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance." (*Ibid.*)

Moreover, *Raybon* does not properly address *Perry*'s most compelling argument: that there is no reason for any prisoner to possess marijuana without a medical prescription except to consume it illegally or allow another prisoner to consume it illegally. Circumstances where possessing and use are decoupled do exist elsewhere and are regulated separately in those circumstances. For instance, we can imagine innocent scenarios in which a responsible marijuana user could want to possess marijuana without intending to use it, likely because they are legally transporting it from one location to

6

another. This explains why section 11362.45 would save laws prohibiting possession in drug-free workplaces under subdivision (f), or why section 11362.3 subdivision (a)(5), prohibits possessing cannabis on school grounds. This is because there may be reasons someone could possess marijuana at work or school without intending to smoke or ingest it, and the voters of California wanted to make clear that such possession was still prohibited.

No such similar reasons exist in prison. Prisoners do not possess marijuana merely to transport it legally from one location to another. Smoking or ingesting are always criminal regardless of the location within the prison. " ' "[I]n interpreting a voter initiative . . . , [t]he [initiative's] language must . . . be construed in the context of the statute as a whole and the [initiative's] overall . . . scheme." ' " (*Whalum*, *supra*, 50 Cal.App.5th at p. 10.) "In the context of possession in prison, it is particularly obvious that possession must 'pertain' to smoking or ingesting. For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?" (*Perry*, *supra*, 32 Cal.App.5th at p. 892.) Indeed, Nix doesn't offer any proposed scenarios where possession of marijuana in a prison would be unrelated to the consumption or ingestion of that marijuana. Because there is no reason to possess marijuana in a prison except to consume it illegally, section 11362.45, subdivision (d), didn't need to specify that possession was still prohibited in prisons. In that context, prohibiting smoking or ingesting and those activities "pertaining to" the same necessarily prohibits possession.

7

Similarly, the absence of such "pertaining to" language in other subdivisions of section 11362.45 demonstrates that the drafters, and the voters, were capable of saving only those laws strictly related to consumption and chose not to. For instance, subdivision (a) saves "[l]aws making it unlawful to drive or operate a vehicle . . . while smoking, ingesting, or impaired by, cannabis." (§11362.45, subd. (a).) The drafters of Proposition 64 could have phrased subdivision (d) the same way, saving only those laws prohibiting smoking or ingesting cannabis in a prison. They did not. Instead, they saved any law "pertaining to" smoking or ingesting marijuana. That the statute does not use this phrasing in one case where it would make sense to do so, but does in another, implies the drafters, and the voters who approved Proposition 64, intended to save more of the relevant laws regulating marijuana in prison than those regulating marijuana elsewhere.

The absence of "pertaining to" language in subdivision (a) of section 11362.45 also directly contradicts one of *Raybon*'s conclusions. Namely, *Raybon* found that the " 'pertaining to' " language is not surplusage because it "describe[s] the vast array of means of consumption," as "consumption can be achieved in ways not strictly involving smoking or ingesting." (*Raybon*, *supra*, 36 Cal.App.5th at p. 122.) If so, the lack of any "pertaining to" language in subdivision (a) would compel us to conclude it only applies to smoking or ingesting marijuana. In other words, reading the "pertaining to" language in subdivision (d) to have the narrow meaning ascribed to it in *Raybon* also narrows subdivision (a). This would mean subdivision (a) only saves those laws regulating smoking or ingesting marijuana while operating a vehicle and not those laws regulating,

8

for instance, vaping, dabbing, or absorbing marijuana through the skin while operating a vehicle. Thus, under *Raybon*'s interpretation, the "pertaining to" language is either surplusage, or subdivision (a) prohibits consuming marijuana while operating a vehicle only if you are smoking or ingesting it. We think both conclusions are absurd.

Instead, we agree with our colleagues in *Perry*, *Whalum*, *Herrera*, and *Taylor* that section 11362.45, subdivision (d), continues to criminalize marijuana possession in prison, because such possession necessarily pertains to smoking or ingesting it.

III

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

MILLER
Acting P. J.

FIELDS
J.

9